IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GREGORY BERNARD SIMPSON,

Petitioner,

v.

CIVIL ACTION NO.: CV214-096

JASON MEDLIN, Warden, and
BRIAN OWENS, Commissioner of
the Georgia Department of Corrections,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Simpson ("Simpson"), who is currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions obtained in the McIntosh County Superior Court. Respondents filed an Answer-Response, and Simpson filed a Reply. For the reasons which follow, Simpson's petition should be **DENIED**.

## STATEMENT OF THE CASE

Simpson was convicted in the McIntosh County Superior Court, after a jury trial, of malice murder, aggravated assault, and felony murder. Simpson was sentenced to life imprisonment. Simpson filed a direct appeal and raised the following grounds on appeal: 1) the superior court erroneously determined that an unknown police officer had probable cause to arrest him since the totality of the circumstances did not provide a

direct link between Simpson and the crime, and the failure to identify the arresting officer renders the collective knowledge test inapposite. Given the lack of probable cause and ineffective consent, the clothing should have been suppressed; 2) the superior court erred in determining that the unknown officer's requiring Simpson to turn over his clothes did not incriminate him under the Georgia constitution; 3) the superior court erroneously determined that Simpson's shirt and underwear were non-fungible evidence which did not require a chain of custody showing for admission; 4) the superior court erred by not giving an instruction about chain of custody; 5) Simpson's counsel was ineffective for failing to obtain a bite mark expert; 6) the trial court erroneously refused to provide money for a DNA expert or pathologist for use in his motion for a new trial; 7) Simpson's counsel was ineffective because he failed to impeach Connie Quinn effectively; and 8) counsel was ineffective for failing to object to the admission of his clothing at trial after the motion to suppress the clothing was denied. (Doc. No. 6-1, pp. 1–2). The Georgia Supreme Court affirmed Simpson's convictions, finding that the evidence against him was sufficient to sustain his convictions on all counts. Simpson v. State, 289 Ga. 685, 715 S.E.2d 142 (2011). The Georgia Supreme Court determined that: no error occurred regarding grounds 1, 2, 4, and 6; ground 3 was not an appropriate ground to raise on appeal because counsel failed to object to the admission of Simpson's clothing during trial; and grounds 5, 7, and 8 were without merit. Id. at 687–91, 715 S.E.2d at 145–48.

Simpson then filed a petition for writ of habeas corpus in the Chattooga County Superior Court. Simpson asserted that his "arrest was predicated on warrants that failed to meet the [Fourth] Amend. probable cause requirement." (Resp'ts' Exh. 1, p. 5).

AO 72A
(Rev. 8/82)

Simpson also asserted that his unconstitutional arrest violated the due process and equal protection clauses, and the trial court erred by denying his motion for a new trial because the evidence was tainted. (Id.). The Chattooga County court found that Simpson was procedurally barred from raising ground 1 because he raised this issue on appeal, and it was decided adversely to him. That court also determined that ground 2 was procedurally defaulted because Simpson failed to raise this issue on direct appeal. That court further determined that ground 3 was without merit. (Resp'ts' Exh. 2, pp. 3–4). The Georgia Supreme Court denied Simpson's application for certificate of probable cause to appeal the denial of his habeas corpus petition. (Resp'ts' Exh. 3).

Simpson raises the following grounds in this petition: 1) the unknown officer did not have probable cause to arrest him, and there was no direct link between him and the crime; 2) the trial court erred in determining that turning over his clothing to the unknown officer did not incriminate Simpson; 3) the trial court erred in determining that Simpson's shirt and underwear were non-fungible evidence and the chain of custody was not proved; 4) the trial court erred in refusing to give a chain of custody instruction, in violation of his Fifth and Fourteenth Amendment rights (combined with ground 10 of Simpson's petition); 5) his counsel was ineffective for failing to obtain a bite mark expert; 6) the trial court erred in refusing to provide funds for a DNA expert or pathologist for Simpson's motion for new trial; 7) his trial counsel was ineffective for failing to impeach effectively Connie Quinn; 8) he was arrested without probable cause; 9) the state court violated his Fourteenth Amendment rights with an impermissible application to the "totality of the circumstances" test under state law; and 11) the trial

court lacked jurisdiction because there was no probable cause for an arrest warrant and there was no warrant. (Doc. No. 1, pp. 5–15).[1]

Respondents assert that grounds 1 and 8 (probable cause claims) are precluded from review because these claims were decided against Simpson on direct appeal. Respondents also assert that Simpson's ineffective assistance of counsel claims, grounds 5 and 7, were decided on the merits on appeal, and the Georgia Supreme Court's decision is entitled to deference. Respondents allege that ground 3 (non-fungible evidence/chain of custody) is procedurally defaulted because Simpson waived the right to pursue this claim on appeal by not raising it during the trial. Respondents contend that grounds 2, 4 (which includes ground 10), and 6 set forth issues of state law which were raised on direct appeal and do not set forth federal claims. Finally, Respondents assert that grounds 9 and 11 are new but procedurally defaulted.

## DISCUSSION AND CITATION TO AUTHORITY

### I.  Claims decided on direct appeal

Respondents aver that Simpson's claims that there was no probable cause to arrest him (ground 1) and that he was handcuffed and placed in a police car, transported to the station, had his clothing taken, was placed in an interrogation room, and handcuffed to a chair without probable cause (ground 8) do not provide a basis for relief. Respondents contend that this Court is precluded from reviewing these claims because the Georgia Supreme Court found these claims lack merit.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus

---

[1] The undersigned did not use the number 10 to enumerate Simpson's grounds of error because Simpson listed eleven (11) grounds. Two of these grounds are related to each other, and the undersigned has combined those grounds for ease of discussion.

relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Hearn v. Florida, 326 F. App'x 519, 521–22 (11th Cir. 2009) (citing Stone v. Powell, 428 U.S. 465, 494 (1976)). The phrase "opportunity for full and fair litigation" "means just that: an opportunity." Lawhorn v. Allen, 519 F.3d 1272, 1287 (11th Cir. 2008) (citation omitted). "[I]f state procedures afford the defendant in a criminal case the opportunity to litigate whether evidence obtained in violation of the fourth amendment should be excluded, and if that opportunity to litigate fourth amendment issues is 'full and fair[,]' . . . then Stone . . . precludes federal habeas corpus consideration of those issues whether . . . the defendant avails himself of that opportunity." Hearn, 326 F. App'x at 521–22 (first ellipses in original).

The Georgia Supreme Court noted that Simpson argued that there was no probable cause to arrest him. In determining whether there was probable cause to arrest Simpson without a warrant, the Georgia court noted that they "need only ask whether the arresting officer had 'probable cause to believe that a criminal offense has been or is being committed.'" Simpson, 289 Ga. at 687, 715 S.E.2d at 145 (quoting Devenpeck v. Alford, 543 U.S. 146, 152 (2004)). The Georgia court also noted that the center of a probable cause determination is whether the totality of the circumstances "lend (sic) themselves (sic) to a reasonable ground for belief of guilt." Id. (internal citation omitted). The Georgia Supreme Court used this framework and noted that, because the arresting officer was unknown, probable cause had to be attributed to any officer who could have arrested Simpson. Looking at the record before it, the Georgia Supreme Court stated that:

> [O]n the night of Simmons' murder and [Simpson's] arrest, every uniformed officer in the city was briefed on [Simpson's] acts of violence

5

toward Simmons in the prior few days, as well as statements made by Quinn in a 911 phone call that blamed appellant for killing Simmons, and reports that a person fitting [Simpson's] description was seen angrily banging on Simmons' door shortly before the murder.

Probable cause exists if the arresting officer has knowledge and reasonably trustworthy information about facts and circumstances sufficient for a prudent person to believe the accused has committed an offense. Because the record shows that every police officer [who] was on duty that day had actual knowledge of facts sufficient to support a finding of probable cause, the seizure of [Simpson's] bloody clothes after arrest was proper[.]

Id. (internal citations omitted).

The Georgia Supreme Court provided Simpson with a full and fair opportunity to present his Fourth Amendment issues, and that court made specific factual and legal findings on these issues. Because Simpson was allowed to present these issues fully, and the Georgia Supreme Court made clear findings in this regard, Simpson is precluded from seeking federal habeas corpus relief for his Fourth Amendment claims. Bradley v. Nagle, 212 F.3d 559 (11th Cir. 2000) (federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided "an opportunity for full and fair litigation" of those claims).

Even if this Court determined that review of Simpson's Fourth Amendment claims would be proper in this Court, Simpson would not be entitled his requested relief. 28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

AO 72A
(Rev. 8/82)

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

Simpson has not shown that the Georgia Supreme Court's determinations on his Fourth Amendment claims are contrary to or an unreasonable application of clearly

established law. To the extent this Court can review the Georgia court's determinations, these determinations are entitled to deference. Simpson is not entitled to his requested relief on these bases.

## II.    Procedurally defaulted claim (waived)

Respondents contend that Simpson's claim regarding his shirt and underwear being non-fungible and did not require a chain of custody (ground 3) is procedurally defaulted. Respondents also contend that Simpson raised this issue on appeal, but the Georgia Supreme Court determined that this issue was waived because his trial counsel failed to raise it during the trial. Respondents assert that this Court should defer to the Georgia court's default finding.

"Federal habeas review of a petitioner's claim is typically precluded when the petitioner procedurally defaulted on or failed to exhaust the claim in state court." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012). "[I]n order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010). The doctrine of procedural default dictates that "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim," but only "if the state procedural ruling rests upon [an] 'independent and adequate' state ground." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). To determine whether a state court's disposition of a claim warrants such preclusive effect, the ruling must satisfy the following standard: (1) "the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the

federal claim without reaching the merits of that claim"; (2) "the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law"; and (3) "the state procedural rule must be adequate, i.e., firmly established and regularly followed and not applied in an arbitrary or unprecedented fashion." Waldrip v. Humphrey, 532 F. App'x 878, 882–83 (11th Cir. 2013) (citing Ward, 592 F.3d at 1156–57).

On this enumeration of error, the Georgia Supreme Court observed that Simpson's trial counsel failed to object to the admission of his clothing during the trial of this case. The Georgia Supreme Court found, "'[o]n this point, we make no decision, not because we thing it formidable, but because the court below, as far as we are informed by the record, did not pass upon it.'" Simpson, 289 Ga. at 688, 715 S.E.2d at 146 (quoting Jennings v. Williams W. Wright & Co., 54 Ga. 537, 541 (1875) (alteration in original).

In finding that Simpson waived this issue on appeal because his counsel failed to object to the same during the trial of this case, the Georgia court relied on an independent and adequate state law, did not entertain the relative merits of this claim, and this state law was not applied arbitrarily. Simpson is precluded from raising this issue here.

## III. Ineffective assistance of counsel claims

Respondents assert that the Georgia Supreme Court examined Simpson's ineffective assistance of counsel claims (grounds 5 and 7) and determined that Simpson did not meet the Strickland test as to either claim. Respondents aver that this determination is entitled to deference.

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

The Georgia Supreme Court applied the Strickland standard to Simpson's ineffective assistance of counsel claims on appeal.[2] In reviewing these claims, the Georgia Supreme Court recounted trial counsel's testimony during the hearing on Simpson's motion for a new trial. Trial counsel testified during that hearing that he planned to argue that the DNA evidence on Simpson's clothing was "the result of mishandling or deliberate tampering." Simpson, 289 Ga. at 689, 715 S.E.2d at 147. The Georgia court noted that trial counsel "specifically mentioned" that he made a strategic decision to argue that the saliva on the victim's body and bite mark on her hip

---

[2] Simpson raised a third ineffective assistance of counsel claim on appeal—that his counsel was ineffective for failing to object to the admission of his clothing at trial after his motion to suppress the clothing was denied. Simpson, 289 Ga. at 688, 715 S.E.2d at 146. Simpson did not raise this alleged instance of ineffective assistance in this petition.

10

were indicators of the victim's intimate, consensual relationship with Simpson but did not identify him as her attacker. Id. The Georgia court also noted that it was trial counsel's strategy to "explain away the blood and saliva evidence and the bite marks on the victim rather than directly challenge the findings if the State's expert witness or deny that it was [Simpson's] blood or saliva that were found. Because this trial strategy is objectively reasonable, [Simpson] failed to meet his burden under Strickland." Id. at 690, 715 S.E.2d at 147.

As to Simpson's claims regarding impeachment of the State's key witness, Quinn, the Georgia Supreme Court observed that trial counsel highlighted a number of misstatements and inconsistencies in Quinn's testimony during cross-examination. While trial counsel may not have attempted to impeach Quinn based on three (3) other points Simpson wished for him to do, the Georgia Supreme Court found that, because "the presentation of some impeaching evidence, but not all of the impeaching evidence a counselor possesses, is stronger than failing to present any impeaching evidence at all, . . . trial counsel's performance in this regard was not deficient." Id. at 691, 715 S.E.2d 148.

The Georgia Supreme Court applied the clearly established law of Strickland in determining Simpson's ineffective assistance of counsel claims. Simpson fails to show that the Georgia court applied this clearly established law in an unreasonable manner or that the Georgia Supreme Court's adjudication of his ineffective assistance claims was contrary to this clearly established Supreme Court case law. The Georgia court's determination is entitled to deference. Simpson is not entitled to his requested relief.

11

## IV. State law claims

Respondents allege that Simpson's claims that the trial court erred by: finding that Simpson was not compelled to incriminate himself under the Georgia constitution by turning over his clothing (ground 2); refusing to give a chain of custody charge (ground 4); and refusing to provide funds for a DNA expert or pathologist for use in his motion for new trial (ground 6) present state law claims. Respondents aver that Simpson raised these issues on appeal as state law issues, and federal habeas relief does not lie for alleged errors of state law.

Section 2254 of Title 28, United States Code, provides "that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout v. Cooke, 562 U.S. 216, ___, 131 S. Ct. 859, 861 (Jan. 24, 2011) (internal citation omitted). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Wilson v. Corcoran, 562 U.S. 1, ___, 131 S. Ct. 13, 16 (Nov. 8, 2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. (internal citation omitted). Rather, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." Id.

Grounds 2, 4, and 6 present state law claims, which the Georgia Supreme Court found to be without merit. Simpson, 289 Ga. at 687–90, 715 S.E.2d at 145–47.[3] Thus, these three (3) grounds do not present claims for federal habeas corpus relief.

---

[3] Simpson arguably raised ground 2 as a federal question with the Georgia Supreme Court. The Georgia court recognized the Fifth Amendment right against self-incrimination, but that court noted that the Georgia constitution "extend[ed] this protection further." Simpson, 289 Ga. at 688, 715 S.E.2d at 146. If this ground is deemed to have been addressed on the merits of a federal claim, the undersigned adopts

12

## V. New, procedurally defaulted claims

Respondents assert that Simpson's claims that the state court impermissibly upheld the application of the "totality of the circumstances" test under state law (ground 9) and the trial court lacked jurisdiction because there was no probable cause for his arrest (ground 11) were not raised in state courts and are procedurally defaulted under Georgia's successive petition rule. Respondents also aver that Simpson's claim that his Fifth and Fourteenth Amendment rights were violated because the trial court refused to give the jury an instruction on chain of custody (ground 10 in Simpson's petition) was only challenged on direct appeal on state law grounds, resulting in this claim being defaulted.[4]

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277-79 (2005).

---

the conclusions of law regarding the deference to be given to the Georgia Supreme Court's determination on this issue, as set forth in Section III of this Report.

[4] Respondents placed ground 10 as a state law error ground. However, Simpson failed to raise this ground in his state habeas corpus petition, and the undersigned finds that procedural default is the more appropriate reason this Court cannot review this ground for relief.

13

"[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (punctuation in original). The unexhausted claims should be treated as if procedurally defaulted. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:

All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state] petition." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

"A federal court may consider the merits of a procedurally defaulted claim only if the petitioner can show both 'cause' for the default and 'prejudice' from a violation of his constitutional right." Hittson v. GDCP Warden, 759 F.3d 1210, 1260 (11th Cir. 2014) (quoting Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977)). To establish cause, a petitioner must ordinarily "demonstrate 'some objective factor external to the defense'

14

that impeded his effort to raise the claim properly in state court." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Simpson failed to raise these three (3) grounds in his state habeas corpus petition. (Resp'ts' Exhs. 1, 2). Simpson cannot bring these claims in his federal habeas petition absent a showing of cause for his failure to raise these claims earlier and prejudice as a result of a constitutional violation. The undersigned notes Simpson's assertion that these claims are not barred procedurally, especially ground 11 (that the trial court lacked jurisdiction) because it was the heart of his defense. (Doc. No. 8, p. 16). While Simpson raised issues relating to probable cause on appeal, he failed to raise the issue of whether the trial court had jurisdiction to hear his case on appeal or in his state habeas petition. Simpson procedurally defaulted these three (3) grounds, and he fails to make any assertion which reveals that he meets the cause and prejudice standard to allow this court to entertain the merits of these claims. These claims are barred by Georgia's successive petition rule.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Simpson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of October, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

15